```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - -:
NORBERTO MERCADO,                       :    15 Civ. 2283 (JCF)
                                        :
                Plaintiff,              :    MEMORANDUM
                                        :    AND  ORDER
     - against -                        :
                                        :
CAROLYN W. COLVIN, Acting               :
Commissioner of Social Security,        :
                                        :
                Defendant.              :
- - - - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE
```

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/26/16

The plaintiff, Norberto Mercado, has applied for an award of attorneys' fees and costs under the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412(d). The plaintiff seeks compensation for work performed by his attorney in appealing from a determination by the Commissioner of Social Security (the "Commissioner") denying his application for Disability Insurance Benefits ("DIB"). The defendant concedes that it is appropriate to award fees but has challenged the total number of hours submitted by plaintiff's counsel. For the reasons outlined below, the plaintiff's application for an award of attorneys' fees and costs is granted in the amount of $9,845.80.

Background

Mr. Mercado initially sought review under 42 U.S.C. § 405(g) of a determination made by the Commissioner denying his application for DIB. The parties consented to my exercising jurisdiction over the case for all purposes pursuant to 28 U.S.C. § 636(c). Both the Commissioner and the plaintiff submitted motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil

Procedure. The plaintiff requested that the Court reverse the decision of the Commissioner and find that he is entitled to the maximum monthly insurance benefits, retroactive to the date of initial disability. In the alternative, the plaintiff requested that the Court remand the case for a further hearing. The defendant sought dismissal of the complaint.

In a Memorandum and Order dated July 13, 2016, I denied the Commissioner's motion and granted the plaintiff's request to remand for further proceedings. On August 5, 2016, the plaintiff moved for an award of $13,303.18 in attorneys' fees and costs.

Discussion

    A.   Eligibility

Under the EAJA, a court may award attorneys' fees to a claimant if (1) the claimant was the prevailing party; (2) the government's position was not "substantially justified"; and (3) there are no special circumstances making an award of fees unjust. Healey v. Leavitt, 485 F.3d 63, 67 (2d Cir. 2007). It is undisputed that the plaintiff satisfies these requirements and is entitled to receive attorneys' fees and costs. Accordingly, the only question to be decided is the amount.

    B.   Amount to be Awarded

It is well established that the starting point for determining the appropriate fee is to calculate the lodestar, Kerin v. U.S. Postal Service, 218 F.3d 185, 190 (2d Cir. 2000), which is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," Hensley v. Eckerhart, 461 U.S. 424,

433 (1983).

   1.   Reasonable Hourly Rate

Plaintiff's counsel has requested a rate of $190.28 per hour for work completed in 2015 and a rate of $192.08 per hour for work completed in 2016. The defendant does not object to these hourly rates. (Memorandum of Law in Opposition to Plaintiff's Motion for Attorneys' Fees at 1 n.1). Since the rates match amounts prescribed by the Social Security Administration, adjusted for the cost of living, I accept the requested hourly rates. (Hourly Rates, attached as Exh. 3 to Declaration of Irwin M. Portnoy dated Aug. 5, 2016 ("Portnoy Decl."))

   2.   Hours Reasonably Expended

District courts in the Second Circuit generally hold that "twenty to forty hours is a reasonable expenditure of counsel time for routine social security cases." Banks v. Astrue, No. 06 Civ. 1428, 2009 WL 8558053, at *2 (S.D.N.Y. Oct. 26, 2009) (collecting cases). While courts in this Circuit have awarded attorneys' fees well in excess of this range, they generally do so only in cases that raise "extraordinarily difficult or complex legal or factual issues." Id. at *2 (quoting Rivera v. Astrue, No. 07 CV 3129, 2009 WL 1351044, at *1 (E.D.N.Y. May 13, 2009)). In addition, where attorneys have failed to keep adequate and detailed time records, an across-the-board percentage reduction in hours may be appropriate. See Concrete Flotation Systems, Inc. v. Tadco Construction Corp., No. 07 CV 319, 2010 WL 2539661, at *1 (E.D.N.Y. June 17, 2010)(25% reduction for nature of case, overstaffing, and

Case 1:15-cv-02283-JCF   Document 32   Filed 10/26/16   Page 4 of 7

excessive hours); Bank v. Ho Seo, No. 06 Civ. 15445, 2009 WL 5341672, at *5-6 (S.D.N.Y. Dec. 16, 2009)(30% reduction for vague entries, excessive hours, block billing, lack of records, and errors); Ragin v. Harry Macklowe Real Estate Co., 870 F. Supp. 510, 520 (S.D.N.Y. 1994)(30% reduction for vagueness, duplicate claims, and lack of records).

In this case, plaintiff's counsel has submitted an invoice claiming 62.67 hours in professional services rendered in litigating this case.  (Invoice dated Aug. 5, 2016 ("August Invoice"), attached as Exh. 4 to Portnoy Decl., at 2).  However, of the twenty-seven time entries submitted, nine entries fail to identify the services rendered in detail.  In fact, all nine of those entries merely state "Draft District Court brief" or "Draft District Court reply brief," without any further explanation.  Just as in Ragin, where the court found that entries like "Review docs" to be vague, 870 F. Supp. at 520, I also find entries like "Draft District Court brief" and "Draft District Court reply brief" to be too generic.  See also In re Doria/Memon Discount Stores Wage and Hour Litigation, No. 14 Civ. 7990, 2016 WL 3963170, at *4 (S.D.N.Y. July 20, 2016) (imposing 20% reduction for lack of specificity in entries such as "Drafted contempt brief" and "Drafted reply brief").  The requested hours will, therefore, be reduced from 62.67 hours to 50.136 hours (a 20% reduction).

In addition, nothing indicates that this case presented unusually difficult or complex legal or factual issues.  Further, plaintiff's counsel has decades of experience in this field, both

4

as an attorney and as a former Administrative Law Judge in the Social Security Administration's Office of Hearings and Appeals. (Resume of Irwin M. Portnoy, attached as Exh. 2 to Portnoy Decl.). The hours billed in this case appear excessive in light of his experience, and his compensable hours have been previously reduced for this reason.  See Grey v. Chater, No. 95 Civ. 8847, 1997 WL 12806, at *2 (S.D.N.Y. Jan. 14, 1997)(reducing counsel's compensable hours from requested 65.03 hours to 30 hours, due in part to his already extensive experience in 1997).  Accordingly, the requested hours will be further reduced from 50.136 hours (post-20% reduction) to 40 hours.

In EAJA cases, the plaintiff is entitled to recover attorneys' fees for the time spent by counsel litigating the fee issue itself. Trichilo v. Secretary of Health and Human Services, 823 F.2d 702, 708 (2d Cir. 1987).  However, as discussed above, failure to keep detailed time records can lead to a percentage reduction.

Plaintiff's counsel has submitted an invoice claiming 5.93 hours to draft the motion for attorneys' fees.  (August Invoice). In addition, he has since submitted a second invoice claiming an additional 5.8 hours to draft a reply.  (Invoice dated Sept. 22, 2016 ("Sept. Invoice"), attached as Exh. 2 to Plaintiff's Reply Memorandum).  However, in both instances, plaintiff's counsel fails to identify, in detail, the services rendered -- simply alluding to "Draft District Court brief" or "Draft District Court EAJA reply brief." (Sept. Invoice).

Accordingly, counsel's requested hours spent on the attorneys'

fees motion (11.73 hours) are reduced by 20% to a total of 9.384 hours.

3.  Total Reasonable Compensation

Based on the adjustments indicated, the total award of attorneys' fees is $9,413.68, calculated as follows, together with $432.12 for costs.

| Rates | Hours Requested (Litigation) | Hours Awarded (Litigation) | Hours Requested (Fees) | Hours Awarded (Fees) | Award |
|---|---|---|---|---|---|
| $190.28 (2015) | 62.67 | 40 | – | – | $7,611.20 |
| $192.08 (2016) | – | – | 11.73 | 9.384 | $1,802.48 |
| Total | – | – | – | – | **$9,413.68** |

Conclusion

For the reasons set forth above, the plaintiff's application for an award of attorneys' fees and costs is granted in the total amount of $9,845.80.

SO ORDERED.

*/s/ James C. Francis IV*

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
       October 26, 2016

Copies transmitted this date:

Irwin M. Portnoy, Esq.
Irwin M. Portnoy & Associates, P.C.
542 Union Ave.
New Windsor, NY 12553

Carolyn A. Kubitschek, Esq.
Lansner & Kubitschek
325 Broadway, Suite 201
New York, NY 10007

Allison Rovner, Esq.
Assistant U.S. Attorney
867 Chambers St., 3rd Floor
New York, NY 10007